Mabel E. Fitzgerald
v.
E. Rosen Co.

No. 61895

February 28, 1928

CAPOTOSTO, J. This is an action for negligence involving a collision between an automobile in which the plaintiff was a passenger and a truck of the defendant company. The accident occurred near the entrance to the Sunny-Meade Riding Academy on the Narragansett Pier road in the afternoon of July 26, 1924. The jury having returned a verdict for the defendant, the plaintiff moves for a new trial.

The weather conditions were favorable and the road dry. The plaintiff claims that as the automobile in which she was a passenger was stopped in the driveway immediately outside the wall of the Riding Academy grounds, the defendant's truck, driven at a high rate of speed, left the macadam part of the main highway, side-swiped the plaintiff's car on its left side, pushed it on to the travelled part of the road, passed by its rear, and stopped some considerable distance beyond near a pole situated off the main highway. The defendant, on the other hand, claims that the plaintiff's automobile came out of the driveway when he was four or five truck lengths away; that at that time the plaintiff's automobile came to a stop; that confronted with a sudden emergency, he tried to avoid striking the automobile but was unsuccessful, and that if the plaintiff had kept on going the accident would not have happened.

The driver of the plaintiff's car was operating an automobile belonging to a Miss Connelly. On the front seat with the driver was Dr. Ralph P. Bennett, a veterinarian. The plaintiff, who was the wife of the driver, and Mrs. Bennett were in the rear seat.

Were this a case in which the driver himself was suing for damages the verdict would not be disturbed by the Court. The jury could reasonably find that at the time of the accident both drivers were at fault. But, inasmuch as Mrs. Fitzgerald was a passenger, the real question involved is quite different. Taking into consideration all the evidence in the case, including the fact that the operator of the defendant's truck had been fined for speeding on two different occasions shortly before the occurrence of this accident, the Court finds from the testimony that at the time of the collision complained of the defendant was not in the exercise of reasonable care. The plaintiff, on the other hand, did what a prudent person would or reasonably might be expected to do: rely upon the driver in the absence of circumstances calling for action on her part. The jury ap-

parently overlooked this distinction. In this case justice demands a new trial.

Motion for new trial granted.

For plaintiff: T. M. O'Reilly.

For defendant: Jos. W. Grimes.

Motion for new trial granted.